# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FACTORY DIRECT WHOLESALE, LLC, ) <br> a Georgia limited liability company, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> GIANTEX, INC., a California corporation; ) <br> GOPLUS CORP., a California corporation; ) <br> WEI WU, an individual; and DOES ) <br> 1 through 10, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action File <br> No._____ |

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Factory Direct Wholesale, LLC files this Complaint for Damages and Injunctive Relief against Defendants Giantex, Inc., GoPlus Corp., Wei Wu, and Does 1 through 10, and shows the Court as follows:

## **NATURE OF THE ACTION**

1. This is an action in law and equity for, *inter alia*, intentional trademark infringement and unfair competition knowingly directed at Plaintiff Factory Direct Wholesale, LLC.

## THE PARTIES

2. Factory Direct Wholesale, LLC is a Georgia limited liability company that maintains its principle place of business at 2855 N. Berkeley Lake Road, Duluth, Georgia 30096.

3. Upon information and belief, Giantex, Inc. is a California corporation that maintains a principle place of business at 1670 Etiwanda Avenue, Unit B-104, Ontario, California 91761.

4. Upon information and belief, GoPlus Corp. is a California corporation that maintains a principle place of business at 3900 E. Philadelphia Street, Ontario, California 91761. Upon further information and belief, Defendant GoPlus Corp. owns, operates and/or controls multiple entities, including Defendant Giantex, Inc.

5. Upon information and belief, Wei Wu is a citizen of the State of California and the owner of defendants Giantex, Inc. and GoPlus Corp., and maintains business offices at 3900 E. Philadelphia Street, Ontario, California 91761, and 1670 Etiwanda Avenue, Unit B-104, Ontario, California 91761.

6. Defendants Giantex, Inc. and GoPlus Corp. may be served with summons and process through their mutually designated registered agent for service of process in California, Ming Yan Piguillem, located at 3900 E. Philadelphia Street, Ontario, California 91761, and 1670 Etiwanda Avenue, Unit

B-104, Ontario, California 91761.

7. The true names, identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by fictitious names. Plaintiff is informed and believes, and on such information and belief alleges, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings alleged in this Complaint. When the true name, identity and capacity of such fictitiously designated defendants are ascertained, Plaintiff will request leave of court to amend this Complaint to include such true names, identities and capacities, together with proper charging allegations.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1114 and 1125, and 28 U.S.C. §§ 1331 and 1338(a) and (b); and supplemental jurisdiction over the state statutory and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9. This Court has specific and general personal jurisdiction over all Defendants named herein consistent with the principles of due process and/or Georgia's Long Arm Statute. Upon information and belief, Defendants regularly transact, solicit and/or conduct business in Georgia, including deriving substantial

revenue from goods sold to and used by consumers located in Georgia and in this judicial district through websites such as eBay.com, Amazon.com, and/or Rakuten.com. A true and correct copy of an order and return authorization for a "BestPet" pet stroller sold by defendant Giantex, Inc. on Amazon.com to a consumer in Duluth, Georgia is attached hereto as Exhibit A.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## OPERATIVE FACTS

11. Factory Direct Wholesale, LLC ("FDW") is a Georgia-based company that has extensive and longstanding rights in its trademarks and trade names that are protected under state and federal laws. Since at least 2005, FDW has been operating online marketplaces for various products – including home, office, pet, and health products – on eBay.com, Amazon.com, and/or Rakuten.com, using the following trade names and trademarks:

- "Factory Direct Wholesale"
- "FDW"
- "BestPet"
- "BestOffice"
- "BestMassage"

12. Throughout the years, FDW's trade names and trademarks have become distinctive, widely recognized and strong trade names and trademarks on eBay.com, Amazon.com, and Rakuten.com. As a result, FDW developed and acquired substantial rights and goodwill in the FDW trade names and trademarks as an indicator of source and superior quality of the products.

13. FDW has obtained a federal trademark registration from the U.S. Patent and Trademark Office ("USPTO") for "BestPet" (Registration No. 3934022) (the "BestPet Mark"). A true and correct copy of the registration for the BestPet Mark is attached hereto as Exhibit B.

14. The BestPet Mark pertains to pet crates and crate covers; pet furniture; and play yards for pets. FDW has been using the BestPet Mark since at least July 2005.

15. Similarly, FDW has obtained a federal trademark registration from the USPTO for "BestOffice" (Registration No. 4603563) (the "BestOffice Mark"). A true and correct copy of the registration for the BestOffice Mark is attached hereto as Exhibit C.

16. The BestOffice Mark pertains to furniture for house, office and garden. FDW has been using the BestOffice Mark since at least July 2013.

17. Similarly, FDW has obtained a federal trademark registration from the USPTO for "BestMassage" (Registration No. 5010745) (the "BestMassage Mark"). A true and correct copy of the registration for the BestMassage Mark is attached hereto as Exhibit D.

18. The BestMassage Mark pertains to massage chairs; medical procedure tables; and patient examination and/or treatment tables. FDW has been using the BestMassage Mark since at least July 2007.

19. Upon information and belief, Defendant GoPlus, Corp. owns, operates and/or controls multiple entities, including without limitation, the "Giantex" storefront on Amazon.com and the "Factory Direct Sale" storefront on eBay.com.

20. FDW has discovered that Defendant GoPlus Corp., together with its subsidiaries, affiliates, and/or owners, including Defendants Giantex, Inc. and Wei Wu and others unknown to FDW at this time (collectively, "GOPLUS") are unlawfully using and/or have unlawfully used certain trade names and trademarks that infringe FDW's trade names and trademarks to market and/or sell one or more products on eBay.com and Amazon.com.

21. For example, GOPLUS has unlawfully offered for sale and/or sold products under FDW's BestPet Mark through the Amazon.com website under the seller identity "GIANTEX," including to consumers located in Georgia. A true

and correct copy of an order and return authorization for a "BestPet" pet stroller sold by "GIANTEX" on Amazon.com to a customer in Duluth, Georgia is attached hereto as Exhibit A.

22.  GOPLUS' use of FDW's BestPet Mark in connection with the sale, offering for sale, distribution or advertising of various products (as exemplified in Exhibit A) constitutes a false designation of origin or description that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of GOPLUS' products or storefronts with FDW, or as to whether FDW has sponsored, approved or authorized GOPLUS' goods or services or is otherwise connected to GOPLUS.

23.  With full knowledge that FDW owns the BestPet Mark, GOPLUS has intentionally and willfully engaged in the deceptive and unlawful practice of falsely stating that its products are "BestPet" or FDW-affiliated products.

24.  GOPLUS' use of certain infringing trade names and trademarks, including use of the BestPet Mark, on eBay.com and Amazon.com is intended to and actually does confuse and/or misdirect consumers seeking FDW-related products.

25.  Regardless of intent, GOPLUS' use of certain infringing trade names and trademarks, including use of the BestPet Mark on Amazon.com, causes and/or

has caused actual confusion and mistake—or is likely to do so—among consumers as to the source or affiliation of GOPLUS' products and services.

26. Accordingly, GOPLUS is unlawfully using and misappropriating (and/or has unlawfully used and misappropriated) the goodwill and reputation associated with FDW's trade names and trademarks, including the BestPet Mark, in such a way that consumers are likely to be lured and/or have been lured to GOPLUS' products with the mistaken belief that they are purchasing products from FDW.

27. GOPLUS' activities described above constitute, among other things, violations of federal and state law for trade name and trademark infringement, misappropriation, unfair competition, deceptive trade practices, and false advertising.

28. FDW has been damaged and continues to be damaged by the foregoing acts of infringement, misappropriation, unfair competition, deceptive trade practices, and false advertising.

29. GOPLUS' infringing and unlawful activity is systematic, deliberate, and willful and/or performed with reckless disregard for FDW's intellectual property rights.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. § 1114 (Lanham Act § 32)

30. FDW incorporates by reference Paragraphs 1 through 29, above, as if fully set forth herein.

31. FDW is the owner of the following federally registered trademarks: "BestPet" (Registration No. 3934022); "BestOffice" (Registration No. 4603563); and "BestMassage" (Registration No. 5010745). (*See* Exhibits B-D).

32. FDW's "BestPet," "BestOffice," and "BestMassage" trademarks are valid, subsisting, and in full force and effect.

33. GOPLUS sells products on the internet, including on Amazon.com, using the seller identity "Giantex."

34. GOPLUS, through its Amazon.com storefront identified as "Giantex," has purported to sell goods that are designated as and/or affiliated with "BestPet" products.

35. Exhibit A herein shows a screenshot from www.amazon.com, wherein the seller, identified as "Giantex," has sold a "BestPet 3-Wheel Pet Stroller" using the BestPet Mark to a consumer in Duluth, Georgia.

36. GOPLUS' conduct is likely to cause or has caused confusion, mistake, or is likely to deceive or has deceived customers, as to the source, origin, or

sponsorship of Giantex's products, and is likely to create or has created the false impression that GOPLUS' products are authorized, sponsored, endorsed, licensed by or affiliated with FDW.

37. GOPLUS' use of the BestPet Mark on Amazon.com in connection with the sale, offering for sale, distribution or advertising of a pet stroller (as shown in Exhibit A) constitutes direct infringement of FDW's registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. GOPLUS' conduct in using the BestPet Mark is willful, deliberate, in bad faith, and with full knowledge that GOPLUS has no right, license, or authority to use the BestPet Mark or any other similar designation.

39. GOPLUS' conduct is intended to unlawfully reap the benefit of the goodwill that FDW has amassed in its BestPet Mark.

40. GOPLUS has caused, and is causing, substantial irreparable harm to the goodwill associated with FDW's BestPet Mark, and will continue to harm FDW and deceive consumers unless permanently enjoined by this Court.

41. FDW has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by GOPLUS' unauthorized use in commerce of a trademark that is identical to, and therefore confusingly similar to, FDW's BestPet Mark.

42. FDW is entitled to recover from GOPLUS all damages it has sustained and may later sustain due to GOPLUS' improper conduct, and a disgorgement of GOPLUS' profits from its infringing conduct, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117.

43. The actions of GOPLUS have been willful and deliberate and amount to exceptional circumstances justifying an award of attorneys' fees to FDW pursuant to 15 U.S.C. § 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125 (Lanham Act § 43(a))

44. FDW incorporates by reference Paragraphs 1 through 29, above, as if fully set forth herein.

45. GOPLUS' use of FDW's BestPet Mark in connection with the sale, offering for sale, distribution or advertising of a pet stroller (as exemplified in Exhibit A) constitutes a false designation of origin or description that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of GOPLUS' products or storefronts with FDW, or as to whether FDW has sponsored, approved or authorized GOPLUS' goods or services or is otherwise connected to GOPLUS.

46. GOPLUS' use of the BestPet Mark is intended to and actually does confuse and/or misdirect consumers seeking FDW-related products.

47. GOPLUS' use of the BestPet Mark causes and/or has caused actual confusion and mistake among consumers as to the source or affiliation of GOPLUS' products and services.

48. GOPLUS has unlawfully used and misappropriated FDW's BestPet Mark in such a way that consumers are likely to be lured and/or have been lured to GOPLUS' products with the mistaken belief that they are purchasing products from FDW.

49. GOPLUS' conduct constitutes unfair competition, false designation of origin, false advertising, false representation of fact, and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

50. GOPLUS has caused, and is causing, substantial irreparable harm to the goodwill associated with FDW's BestPet Mark, and will continue to harm FDW and deceive consumers unless permanently enjoined by this Court.

51. FDW has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by GOPLUS' unauthorized use in commerce of a trademark that is identical to, and therefore confusingly similar to, FDW's BestPet Mark.

52. FDW is entitled to recover from GOPLUS all damages it has sustained and may later sustain due to GOPLUS' improper conduct, and a disgorgement of GOPLUS' profits from its infringing conduct, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117.

53. The actions of GOPLUS have been willful and deliberate and amount to exceptional circumstances justifying an award of attorneys' fees to FDW pursuant to 15 U.S.C. § 1117.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

54. FDW incorporates by reference Paragraphs 1 through 29, above, as if fully set forth herein.

55. FDW has used its BestPet Mark to sell goods on the internet throughout the United States since as early as July 2004.

56. FDW's BestPet Mark is inherently distinctive such that exclusive common law trademark rights vested with FDW as soon as FDW began using the BestPet Mark in U.S. commerce.

57. With full knowledge of FDW's BestPet Mark, GOPLUS subsequently began using an identical mark in U.S. commerce in conjunction with identical or substantially similar goods.

58. GOPLUS' use of FDW's BestPet Mark in connection with the sale, offering for sale, distribution or advertising of a pet stroller (as exemplified in Exhibit A) constitutes a false designation of origin or description that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of GOPLUS' products or storefronts with FDW, or as to whether FDW has sponsored, approved or authorized GOPLUS' goods or services or is otherwise connected to GOPLUS.

59. Upon information and belief, GOPLUS had actual knowledge of FDW's exclusive rights in its BestPet Mark prior to using an identical mark in U.S. commerce.

60. GOPLUS' use of the BestPet Mark on Amazon.com in connection with the sale, offering for sale, distribution or advertising of a pet stroller (as shown in Exhibit A) constitutes direct infringement of FDW's registered trademark in violation of Georgia common law.

61. GOPLUS' conduct in using the BestPet Mark is willful, deliberate, in bad faith, and with full knowledge that GOPLUS has no right, license, or authority to use the BestPet Mark or any other similar designation.

62. GOPLUS' conduct is intended to unlawfully reap the benefit of the goodwill that FDW has amassed in its BestPet Mark.

63. GOPLUS has caused, and is causing, substantial irreparable harm to the goodwill associated with FDW's BestPet Mark, and will continue to harm FDW and deceive consumers unless permanently enjoined by this Court.

64. FDW has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by GOPLUS' unauthorized use in commerce of a trademark that is identical to, and therefore confusingly similar to, FDW's BestPet Mark.

65. FDW is entitled to recover from GOPLUS all damages it has sustained and may later sustain due to GOPLUS' improper conduct, in an amount to be determined at trial.

66. The actions of GOPLUS have been willful and intentional and in conscious disregard of their consequences, entitling FDW to recover punitive damages in an amount to be determined by the jury.

### COUNT IV
### VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (O.C.G.A. §§ 10-1-370, *et seq.*)

67. FDW incorporates by reference Paragraphs 1 through 29, above, as if fully set forth herein.

68. GOPLUS' use of FDW's BestPet Mark in connection with the sale, offering for sale, distribution or advertising of a pet stroller (as exemplified in

Exhibit A) constitutes a false designation of origin or description that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of GOPLUS' products or storefronts with FDW, or as to whether FDW has sponsored, approved or authorized GOPLUS' goods or services or is otherwise connected to GOPLUS.

69. GOPLUS' use of the BestPet Mark is intended to and actually does confuse and/or misdirect consumers seeking FDW-related products.

70. GOPLUS' use of the BestPet Mark causes and/or has caused actual confusion and mistake among consumers as to the source or affiliation of GOPLUS' products and services.

71. GOPLUS has unlawfully used and misappropriated FDW's BestPet Mark in such a way that consumers are likely to be lured and/or have been lured to GOPLUS' products with the mistaken belief that they are purchasing products from FDW.

72. GOPLUS' conduct in using the BestPet Mark is willful, deliberate, in bad faith, and with full knowledge that GOPLUS has no right, license, or authority to use the BestPet Mark or any other similar designation.

73. GOPLUS' conduct is intended to unlawfully reap the benefit of the goodwill that FDW has amassed in its BestPet Mark.

74. GOPLUS' conduct constitutes unfair competition and unfair trade practice in violation of Georgia law, including the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370, *et seq.*

75. GOPLUS has caused, and is causing, substantial irreparable harm to the goodwill associated with FDW's BestPet Mark, and will continue to harm FDW and deceive consumers unless permanently enjoined by this Court.

76. FDW has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by GOPLUS' unauthorized use in commerce of a trademark that is identical to, and therefore confusingly similar to, FDW's BestPet Mark.

77. FDW is entitled to recover its attorneys' fees and costs based on GOPLUS' unfair competition and unfair trade practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FDW respectfully requests that this Court grant the following relief:

a) An order permanently enjoining GOPLUS and its officers, directors, agents, principals, divisions, representatives, employees, subsidiaries, affiliates, successors and assigns, and all persons acting in active concert or in participation with any of the foregoing, from using and/or inducing others to use the BestPet

Mark or any confusingly similar designation, separately or in combination with other terms, in connection with the sale, offering for sale, distribution, or advertising of any product or service in commerce, including but not limited to on Amazon.com, eBay.com, and Rakuten.com;

  b) Require GOPLUS to file with the Court and to serve on FDW, within fifteen (15) days after service of the Court's injunction order, a written report under oath setting forth in detail the manner and form in which GOPLUS has complied with the Court's injunction order;

  c) An accounting of all profits earned by GOPLUS from sales of goods or services generated through or derived from unlawful use of FDW's BestPet Mark;

  d) A judgment against GOPLUS for any and all profits derived by GOPLUS by reason of the acts complained of herein, and that such award be trebled pursuant to 15 U.S.C. § 1117.

  e) A judgment against GOPLUS for all damages sustained by FDW by reason of GOPLUS' infringement, including damage to FDW's goodwill and reputation as a result of GOPLUS' unlawful use of the BestPet Mark, and that such judgment be trebled pursuant to 15 U.S.C. § 1117;

f)  An award of treble damages or other enhanced monetary remedies paid to FDW;

g)  An award of attorneys' fees and expenses of litigation incurred by FDW in this action;

h)  An award of punitive damages to FDW;

i)  Pre-judgment and post-judgment interest where appropriate; and

j)  Any such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FDW demands a jury trial on all issues triable before a jury.

January 30, 2017.

**LOCKE LORD LLP**

/s/ *Michael Wolak III*
Bryan G. Harrison
bryan.harrison@lockelord.com
Georgia Bar No. 331750
Michael Wolak III
michael.wolak@lockelord.com
Georgia Bar No. 773197

Terminus 200, Suite 1200
3333 Piedmont Road, N.E.
Atlanta, Georgia 30305
Phone 404.870.4600

*Attorneys for Plaintiff Factory Direct Wholesale, LLC*