UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FACTORY DIRECT WHOLESALE, LLC,<br><br>  Plaintiff,<br><br> -vs.-<br><br>GIANTEX, INC., GOPLUS CORP., and WEI WU,<br><br>  Defendants. | Civil Action No. 1:17-CV-00341-WSD |

## DEFENDANT GIANTEX, INC.'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendant Giantex, Inc. ("Giantex"), by and through its counsel of record, hereby responds to the allegations of the complaint filed in this action (Dkt. 1, "Complaint") by Plaintiff Factory Direct Wholesale, LLC ("Plaintiff" or "FDW") on January 30, 2017 as follows:

### NATURE OF THE ACTION

1. Paragraph 1 states the nature of Plaintiff's complaint for which no response in required. To the extent the Court deems a response is required, Giantex denies any and all allegations contained in paragraph 1.

## THE PARTIES

2.     Giantex admits that Plaintiff is purportedly a Georgia limited liability company having a place of business at 2855 N. Berkeley Road, Duluth, Georgia 30096.  Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3.     Giantex admits that Giantex is a California corporation having a place of business at 1670 Etiwanda Avenue, Unit B-104, Ontario, California 91761.  Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint. except

4.     Giantex denies the allegations in paragraph 4 of the Complaint.

5.     Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.     Giantex admits that Giantex's registered agent for service of process in California is Ming Yan Piguillem located at 1670 Etiwanda Avenue, Unit B-104, Ontario, California 91761.  Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7.      Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Giantex admits that this action purports to be an action pursuant to 15 U.S.C. §§ 1114 and 1125, and 28 U.S.C. §§ 1331 and 1338(a) and (b); and the state statutory and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9. Giantex denies the allegations in paragraph 9 of the Complaint.

10. Giantex denies the allegations in paragraph 10 of the Complaint.

## OPERATIVE FACTS

11. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Giantex admits that U.S. Trademark Registration No. 3934022 depicts an alleged "BestPet" mark. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Giantex admits that U.S. Trademark Registration No. 4603563 depicts an alleged "BestOffice" mark. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint.

16. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Giantex admits that U.S. Trademark Registration No. 5010745 depicts an alleged "BestMassage" mark. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint.

18. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Giantex denies the allegations in paragraph 19 of the Complaint.

20. Giantex denies the allegations in paragraph 20 of the Complaint.

21. Giantex that it sold one 3-wheel pet stroller to Plaintiff's affiliate Eastern Enterprises, LLC in Georgia in 2015. Giantex denies the remaining allegations in paragraph 21 of the Complaint.

22. Giantex denies the allegations in paragraph 22 of the Complaint.

23. Giantex denies the allegations in paragraph 23 of the Complaint.

24. Giantex denies the allegations in paragraph 24 of the Complaint.

25. Giantex denies the allegations in paragraph 25 of the Complaint.

26. Giantex denies the allegations in paragraph 26 of the Complaint.

27. Giantex denies the allegations in paragraph 27 of the Complaint.

28. Giantex denies the allegations in paragraph 28 of the Complaint.

29. Giantex denies the allegations in paragraph 29 of the Complaint.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. § 1114 (Lanham Act § 32)

30. Giantex responds to paragraph 30 of the Complaint by incorporating by reference its responses to paragraphs 1 through 29 as if fully set forth herein.

31. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Giantex admits that it sells products on the Internet, including Amazon.com. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint.

34. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Giantex that it sold one 3-wheel pet stroller to Plaintiff's affiliate Eastern Enterprises, LLC in Georgia in 2015. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint.

36. Giantex denies the allegations in paragraph 36 of the Complaint.

37. Giantex denies the allegations in paragraph 37 of the Complaint.

38. Giantex denies the allegations in paragraph 38 of the Complaint.

39. Giantex denies the allegations in paragraph 39 of the Complaint.

40. Giantex denies the allegations in paragraph 40 of the Complaint.

41. Giantex denies the allegations in paragraph 41 of the Complaint.

42. Giantex denies the allegations in paragraph 42 of the Complaint.

43. Giantex denies the allegations in paragraph 43 of the Complaint.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125 (Lanham Act § 43(a))

44. Giantex responds to paragraph 44 of the Complaint by incorporating by reference its responses to paragraphs 1 through 29 as if fully set forth herein.

45. Giantex denies the allegations in paragraph 45 of the Complaint.

46. Giantex denies the allegations in paragraph 46 of the Complaint.

47. Giantex denies the allegations in paragraph 47 of the Complaint.

48. Giantex denies the allegations in paragraph 48 of the Complaint.

49. Giantex denies the allegations in paragraph 49 of the Complaint.

50. Giantex denies the allegations in paragraph 50 of the Complaint.

51. Giantex denies the allegations in paragraph 51 of the Complaint.

52. Giantex denies the allegations in paragraph 52 of the Complaint.

53. Giantex denies the allegations in paragraph 53 of the Complaint.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

54. Giantex responds to paragraph 54 of the Complaint by incorporating by reference its responses to paragraphs 1 through 29 as if fully set forth herein.

55. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Giantex denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Giantex denies the allegations in paragraph 57 of the Complaint.

58. Giantex denies the allegations in paragraph 58 of the Complaint.

59. Giantex denies the allegations in paragraph 59 of the Complaint.

60. Giantex denies the allegations in paragraph 60 of the Complaint.

61. Giantex denies the allegations in paragraph 61 of the Complaint.

62. Giantex denies the allegations in paragraph 62 of the Complaint.

63. Giantex denies the allegations in paragraph 63 of the Complaint.

64. Giantex denies the allegations in paragraph 64 of the Complaint.

65. Giantex denies the allegations in paragraph 65 of the Complaint.

66. Giantex denies the allegations in paragraph 66 of the Complaint.

## COUNT IV
## VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (O.C.G.A. §§ 10-1-370, et. seq.)

67. Giantex responds to paragraph 67 of the Complaint by incorporating by reference its responses to paragraphs 1 through 29 as if fully set forth herein.

68. Giantex denies the allegations in paragraph 68 of the Complaint.

69. Giantex denies the allegations in paragraph 69 of the Complaint.

70. Giantex denies the allegations in paragraph 70 of the Complaint.

71. Giantex denies the allegations in paragraph 71 of the Complaint.

72. Giantex denies the allegations in paragraph 72 of the Complaint.

73. Giantex denies the allegations in paragraph 73 of the Complaint.

74. Giantex denies the allegations in paragraph 74 of the Complaint.

75. Giantex denies the allegations in paragraph 75 of the Complaint.

76. Giantex denies the allegations in paragraph 76 of the Complaint.

77. Giantex denies the allegations in paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

In response to the "Prayer for Relief" clause following paragraph 77 of the Complaint, including sub-parts a - j, Giantex denies that Plaintiff is entitled to an award of damages from Giantex under any theory.

Giantex denies all allegations in the Complaint except those expressly admitted in the preceding paragraphs.

## GIANTEX'S AFFIRMATIVE DEFENSES

Giantex asserts the following affirmative defenses to the counts asserted in the Complaint, undertaking to prove only those defenses on which Giantex bears the burden of proof under the applicable law:

## FIRST DEFENSE

78. The Complaint fails to state a claim against Giantex upon which relief may be granted for reasons including Plaintiff does not have trademark rights as the purported trademark is descriptive and lacks secondary meaning.

## SECOND DEFENSE

79. The court has no personal jurisdiction over Giantex.

## THIRD DEFENSE

80. Venue is not proper in this Court on the grounds of lack of personal jurisdiction and forum non conveniens.

## FOURTH DEFENSE

81. Giantex does not infringe the purported BestPet mark under Federal, State, or common law as the purported BestPet mark does not function as a trademark.

## FIFTH DEFENSE

82. Plaintiff's claims are barred by laches, waiver, and estoppel.

## SIXTH DEFENSE

83. Giantex reserves the right to add to or amend with additional defenses that discovery may yield.

## PRAYER FOR RELIEF

WHEREFORE, Giantex prays for judgment as follows:

A. Plaintiff's request for judgment and relief requested in the Complaint be denied and Plaintiff's Complaint be dismissed with prejudice.

B. Judgment be entered in favor of Giantex.

C. Granting Giantex any other and further relief as the Court deems just and proper.

## JURY DEMAND

Giantex demands a trial by jury of all issues triable by a jury.

This 5th day of March, 2018.

                                        Respectfully submitted,

                                        */s/ Ann M. Byrd*
                                        Ann M. Byrd
                                        Georgia Bar No. 218871
                                        **GREENBERG TRAURIG, LLP**
                                        3333 Piedmont Road, N.E., Suite 2500
                                        Atlanta, Georgia  30305
                                        Telephone: (678) 553-2100
                                        Facsimile: (678) 553-2212
                                        E-mail: byrda@gtlaw.com

                                        Eudeen Y. Chang
                                        (*PHV* to be submitted)
                                        Jeffrey F. Yee
                                        (Admitted *PHV*)
                                        **GREENBERG TRAURIG, LLP**
                                        3161 Michelson Drive, Suite 1000
                                        Irvine, California 92612
                                        Telephone: (949) 732-6500
                                        E-mail: yeej@gtlaw.com

                                        ***Counsel for Defendant Giantex, Inc.***

11

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served all parties of record with the foregoing **DEFENDANT GIANTEX, INC.'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** via e-mail and the Court's CM/ECF System to the following:

Bryan Guy Harrison
Michael Wolak, III
**Locke Lord LLP**
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305

*Counsel for Plaintiff*

This 5th day of March, 2018.

*/s/ Ann M. Byrd*
Ann M. Byrd
Georgia Bar No. 218871
